Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Nicolette A. Yohn, Esq. (SBN 364499)
440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
E-mail:  lroistacher@deangazzo.com
          nyohn@deangazzo.com

Attorneys for Defendant
City of Sacramento

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN HOOD, CHESTER MCNABB, ROLAND HALEY, CONNIE MANSELLE AND KENNETH BARSTOW, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SACRAMENTO, SACRAMENTO COUNTY,<br><br>Defendants. | Case No.:   2:23-CV-00232-DC-CKD (Related to Case No. 2:24-cv-02433-DC-CKD)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Courtroom:   10<br>Judge:       Dena M. Coggins<br>Magistrate:  Carolyn K. Delaney |

The Court recognizes that at least some of the documents and information ("materials") sought through discovery in the above-captioned action are, for various reasons, normally kept confidential by the parties.  The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain confidential information, such as third-party information, medical/mental health information, security documentation, and personnel files, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

///

1

**THEREFORE:**

**DEFINITIONS**

1.      The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2.      The term "materials" will include, but is not be limited to: documents; electronic correspondence; memoranda; bulletins; blueprints; specifications minutes; telegrams; letters; statements, contracts, invoices, drafts worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and physical objects.

3.      The term "counsel" will mean counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed at the following law firms: Dean Gazzo Roistacher, Louis Demas aka Demas Law, and Porter Scott.

**GENERAL RULES**

4.      Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

a.      Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the operations of such party.

2

b. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to California Law Enforcement Telecommunications System ("CLETS") information pertaining to third parties, such as identifying information of juveniles, license plate information, confidential assignment information, and law enforcement work product.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must mark the copies of those materials that contain confidential information with the appropriate confidentiality marking. Wherever practicable, the designation of "CONFIDENTIAL" shall be made by the producing party, person or entity prior to, or contemporaneously with, production or disclosure.

6. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

///

3

b.  the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c.  the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal pursuant to the terms outlined herein and identified as being subject to this Order.

7.  All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.  Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, except as set forth herein, or in any subsequent order of the Court, or by the express written consent of counsel.

9.  Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed to be bound by its terms:

a.  Parties to this action;

b.  Any actual or potential witness;

c.  Any person testifying at a deposition;

4

d.   Any expert, technical advisor, or consultant, retained, employed, or consulted by any party for the purposes of this action;

e.   Executives/public officials who are required to participate in policy decisions with reference to this action;

f.   Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

g.   Stenographic (court reporter or videographer recording or transcribing testimony in any deposition, hearing, or other proceeding) and clerical employees (including paralegals and law clerks) associated with the individuals identified above.

10.   With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11.   All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12.   Filing Under Seal.  Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. No party may file any document under seal, except pursuant to a court order that authorizes the filing of the document, or portion of the document, under seal. A sealing order will issue only upon a showing that the information is privileged or protectable

Case No. 2:23-CV-00232-DC-CKD

under the law. The party seeking to file under seal must limit its sealing request to the specific portion of the document that contains the confidential or privileged material.

13.    Filing of Confidential Information.  The designation of material as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall not, by itself, authorize the filing of such material under seal. Any party seeking to file material designated under this Order shall comply with applicable Federal Rules, Local Rules, and the Court's procedures governing requests to seal documents.

The burden of establishing that a document, or any portion thereof, should be filed under seal shall remain at all times with the party seeking protection from public disclosure. Upon receiving notice that another party intends to file designated material, the designating party shall promptly advise whether it seeks sealing of the material. If the designating party seeks sealing, it shall timely file the appropriate request and supporting showing required by law.

Nothing in this Order shall alter the standards governing the sealing of judicial records. Documents may be sealed only upon the showing required by applicable law, and any request to seal shall be narrowly tailored to seek sealing only of sealable material.

If the designating party does not timely seek sealing or otherwise obtain relief from the Court, the filing party may file the material in the public record.

The parties acknowledge that the Court retains sole authority to determine whether any document may be filed under seal.

14.    Use at Trial.  This Protective Order governs the exchange of information during discovery and pretrial proceedings only. Nothing in this Order shall determine the admissibility of evidence at trial or restrict the use of evidence at trial.

Any party seeking continued confidential treatment of material at trial shall file an appropriate motion before the trial judge and shall bear the burden of demonstrating that such protection is warranted under applicable law. Absent further order of the Court, material designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" may be

///

Case No. 2:23-CV-00232-DC-CKD

used at trial in accordance with the Federal Rules of Evidence and any applicable orders of the Court.

15.     At any stage of the proceedings, any party may object to a designation of materials as confidential information. The objecting party must notify the designating party, in writing, of the materials objected to and the ground(s) for the objection. Thereafter, lead counsel (or attorneys with full authority to make decisions and bind the client without later seeking approval from a supervising attorney) must promptly meet and confer, pursuant to Local Rule 251(b). If the dispute is not resolved within seven (7) days of receipt of the objections, and after counsel have thoroughly and completely met and conferred, the parties must place a joint call to the assigned magistrate judge's chambers to explain the dispute and the parties' respective positions. The materials at issue must be treated as confidential until the Court has ruled on the objection or the matter has been otherwise resolved.

16.     All confidential information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action.  Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

17.     No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

18.      If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should

7

be treated as such in accordance with that designation under this Order.  The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party.  If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.  Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

19.    Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work-product.

20.    Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

21.    This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information.  The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

22.    Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

23.    Within sixty (60) days of the final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies and excerpts, or must destroy the same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information and

will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.  The Court may, in its discretion destroy, return, or take no action with respect to materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," except where an ex parte motion for an order authorizing a specific course of action is granted.

24.    The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party.  Prior knowledge must be established by pre-production documentation.

25.    The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

26.    Transmission by e-mail or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

27.    Compliance with this Order may vary by written agreement of the parties, and this Order may be modified by agreement of the parties, subject to approval by the Court.

28.    The parties acknowledge and agree that, without separate court order, this Order and the parties' stipulation thereto does not change, amend, or circumvent any court rule or local rule.

29.    <u>Modification of the Protective Order by the Court.</u> The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of these modifications, prior

Case No. 2:23-CV-00232-DC-CKD

to entry of such an order.

30.    The parties may also agree to modify the terms and conditions of this Order, subject to approval by the Court.

31.    ~~Continuing Jurisdiction.  The Court shall retain jurisdiction for a period of one (1) year after the conclusion of this action to enforce the terms of the Order.~~

32.    The Court may modify the terms and condition of this Protective Order for good cause, in the interest of justice, or on its own order at any time throughout this Action.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: June 23, 2026                                    Louis Demas


By: _/s/ Louis Demas_ (as authorized on 6/23/2026)
Louis Demas
Attorney for Plaintiffs
Susan Hood, Chester McNabb, Roland Haley, Connie Manselle and Kenneth Barstow, on Behalf of Themselves and All Others Similarly Situated


Dated: June 23, 2026                                    Dean Gazzo Roistacher LLP


By: _/s/ Nicolette A. Yohn_
Lee H. Roistacher
Nicolette A. Yohn
Attorneys for Defendant
City of Sacramento

////

////

////

////

////

////

////

Case No. 2:23-CV-00232-DC-CKD

**ORDER**

FOR GOOD CAUSE SHOWN, IT IS ORDERED:

The Court approves this stipulated protective order with one modification and one clarification. The court declines to deviate from Local Rule 141.1(f): once the Clerk has closed this action, the Court will not retain jurisdiction over enforcement of these terms. In addition, the parties acknowledge a party seeking file material under seal must seek permission of the Court, and they shall comply with Local Rule 141 in doing so.

Dated:  June 26, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 hood23cv0232.stip.po

11

Case No. 2:23-CV-00232-DC-CKD